IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| LESTER LAMOUNT POLK, | ) | No. C 09-3097 JSW (PR) |
| Petitioner, | ) ) ) | |
| vs. | ) ) | **ORDER TO SHOW CAUSE** |
| LARRY SMALL, Warden, | ) ) | |
| Respondent. | ) ) ) ) | |

## INTRODUCTION

Petitioner, a prisoner of the State of California, has filed a habeas corpus petition pursuant to 28 U.S.C. § 2254 challenging the constitutional validity of his state conviction. Petitioner has paid the filing fee.  This order directs Respondent to show cause why the petition should not be granted.

## BACKGROUND

According to the petition and supporting documents, Petitioner was convicted after a trial before a judge in Monterey County Superior Court of murder, as well as other crimes and was sentenced to life in state prison without the possibility of parole, as well as a determinate term of 25 years running concurrently.  Petitioner's appeal to the California Court of Appeal and his petition for review in the California Supreme Court were ultimately denied in 1994.  Petitioner filed the instant federal habeas petition in the United States District Court on June 16, 2009 and the matter was transferred here on July 6, 2009.

1

**DISCUSSION**

2

I        Standard of Review

3

This court may entertain a petition for a writ of habeas corpus "in behalf of a person

4

in custody pursuant to the judgment of a State court only on the ground that he is in

5

custody in violation of the Constitution or laws or treaties of the United States."  28 U.S.C.

6

§ 2254(a).

7

It shall "award the writ or issue an order directing the respondent to show cause

8

why the writ should not be granted, unless it appears from the application that the applicant

9

or person detained is not entitled thereto."  *Id.* § 2243.

10

II       Legal Claims

11

Petitioner raises the following federal ground for relief in the petition: 1) Petitioner

12

was deprived of his right to a jury trial in that he did not expressly waive his right in

13

writing or orally in court; 2) Petitioner was deprived of a jury trial on the special

14

circumstances allegations; and 3) ineffective assistance of trial and appellate counsel.

15

Liberally construed, it does not appear from the face of the petition that Petitioner is not

16

entitled to relief on the other claims set forth above.  Accordingly, Respondent is ordered

17

to respond to the petition as set forth below.

18

**CONCLUSION**

19

For the foregoing reasons and for good cause shown,

20

1.  The Clerk shall serve by certified mail a copy of this order and the petition, and

21

all attachments thereto, on Respondent and Respondent's attorney, the Attorney General of

22

the State of California.  The Clerk also shall serve a copy of this order on Petitioner.

23

2.  Respondent shall file with the Court and serve on Petitioner, within **sixty (60)**

24

days of the issuance of this order, an answer conforming in all respects to Rule 5 of the

25

Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should

26

not be granted.  Respondent shall file with the answer and serve on Petitioner a copy of all

27

portions of the state trial record that have been transcribed previously and that are relevant

28

1  to a determination of the issues presented by the petition.  If Petitioner wishes to respond

2  to the answer, he shall do so by filing a traverse with the Court and serving it on

3  Respondent within **thirty (30)** days of the date the answer is filed.

4       3.  Respondent may file a motion to dismiss on procedural grounds in lieu of an

5  answer, as set forth in the Advisory Committee Notes to  Rule 4 of the Rules Governing

6  Section 2254 Cases.  If Respondent files such a motion, Petitioner shall file with the Court

7  and serve on Respondent an opposition or statement of non-opposition within **thirty (30)**

8  days of the date the motion is filed, and Respondent shall file with the Court and serve on

9  Petitioner a reply within **fifteen (15)** days the date the opposition is filed.

10       4.  It is Petitioner's responsibility to prosecute this case.  Petitioner must keep

11  the Court informed of any change of address by filing a separate paper captioned "Notice

12  of Change of Address."  He must comply with the Court's orders in a timely fashion.

13  Failure to do so may result in the dismissal of this action for failure to prosecute pursuant

14  to Federal Rule of Civil Procedure 41(b).

15       IT IS SO ORDERED.

16  DATED: <u>November 4, 2009</u>

17  _____
    JEFFREY S. WHITE
    United States District Judge

18

19

20

21

22

23

24

25

26

27

28